UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| GEORGE DAVID TESTERMAN, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:07-cv-104 |
| RAY SWAFFORD, et al., | ) | Judge Mattice |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Plaintiff brings a single cause of action under 42 U.S.C. § 1983 "to redress the deprivations by the defendants of rights secured to the plaintiff by the Due Process Clause of the Fourteenth Amendment to the United States Constitution in his right to privacy in his marriage" (Court Doc. 1, Compl. ¶ 1) against Defendant Swafford in his individual and official capacities,[1] and against the Hamilton County Department of Education ("HCDE").

Before the Court is Defendants' Motion to Dismiss (Court Doc. 3). Although Plaintiff has raised some discussion on the true nature of Defendants' motion, and whether discovery may be necessary in advance of any response, he has not properly moved for leave to conduct discovery in response. (*See* Court Doc. 12, Order of August 29, 2007.) Accordingly, the Court will analyze Defendants' motion under Federal Rule of Civil Procedure 12(b)(6), and will, for

---

[1] "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). Accordingly, Plaintiff's § 1983 cause of action against Defendant Swafford in his official capacity will be **DISMISSED WITH PREJUDICE**, as it is redundant in light of plaintiff's claims against the governmental entity.

the reasons set forth below, **GRANT** Defendants' Motion to Dismiss [Court Doc. 3].

I.      RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). To survive a motion to dismiss under 12(b)(6), plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Assoc. of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Court must determine not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In making this determination, the Court must construe the complaint in the light most favorable to plaintiff and accept as true all well-pled factual allegations. *Mixon v. Ohio,* 193 F.3d 389, 400 (6th Cir. 1999). The Court need not accept as true mere legal conclusions or unwarranted factual inferences. *Id.*

## II. RELEVANT FACTS

The facts below are as pled by Plaintiff.

Defendant Swafford was employed by Defendant HCDE as Associate Superintendant for Elementary Education. (*Id.* ¶ 9.) Plaintiff was also employed by Defendant HCDE as a teacher and principal. (Compl. ¶ 10.) Plaintiff's former wife was Defendant Swafford's administrative assistant and secretary. (*Id.* ¶ 12.) Thus, Defendant Swafford had supervisory authority over both Plaintiff and his former wife. (*Id.* ¶ 15.)

During this time, Defendant Swafford and Plaintiff's former wife "engaged in . . . an inappropriate personal relationship." (*Id.* ¶ 13.) Defendant Swafford also falsely told a coworker that Plaintiff, who was attending a school function, was mentally unstable, had made threats to his former wife, and was carrying a firearm. (*Id.* ¶ 14.) Defendant Swafford "insinuated himself in the divorce litigation between" Plaintiff and his former wife by testifying about this incident. (*Id.* ¶¶ 14, 20.) Finally, Defendant Swafford falsely recounted to other HCDE employees Plaintiff's deficient performance as principal. (*Id.* ¶ 24.)

## III. ANALYSIS

To prevail on his under 42 U.S.C. § 1983, Plaintiff must demonstrate, *inter alia*, "that a person acting under color of state law deprived him of a right secured by the Constitution or laws of the United States." *Waters v. City of Morristown*, 242 F.3d 353, 358-59 (6th Cir. 2001). The only constitutional or federal legal right asserted by Plaintiff is his "right to privacy in his marriage," which he asserts is derived from "the Due Process Clause of the Fourteenth Amendment to the

United States Constitution." (Compl. 1.) While Plaintiff includes in his Complaint allegations that Defendant Swafford's actions adversely affected Plaintiff's employment, divorce proceedings, and even interactions with local law enforcement, Plaintiff does not tie these allegations to "any rights, privileges, or immunities secured by the Constitution and laws" of the United States, as is required by § 1983. Thus, the Court will only consider Plaintiff's "right to privacy in his marriage" claim in determining whether he has established that Defendant Swafford acted under color of state law.

"The traditional definition of acting under color of state law requires that the defendant . . . exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."). *West v. Atkins*, 487 U.S. 42, 49-50 (1988) (internal citation and quotations omitted). To determine that a defendant acts under color of law a court must find that

> the actor intends to act in an official capacity or to exercise official responsibilities pursuant to state law. Logically, then, not every action undertaken by a person who happens to be a state actor is attributable to the state. Although "under 'color' of law means under 'pretense' of law," the acts of state officials "in the ambit of their personal pursuits" do not constitute state action. Accordingly, a defendant's private conduct, outside the course or scope of his duties and unaided by any indicia of actual or ostensible state authority, is not conduct occurring under color of state law."

*Waters*, 242 F.3d at 359. In *Waters*, the United States Court of Appeals for the Sixth Circuit held that a part-time city alderman did not act under color of state law by harassing, abusing, and interfering with the marriage of his private employee, even though he used his official position to do so. *See id.*

Similarly, in the instant action, Plaintiff has not established that Defendant Swafford acted in the course and scope of his duties as assistant superintendant when he allegedly interfered in Plaintiff's "right to privacy in his marriage" (Compl. ¶ 1). Plaintiff has pled nothing to suggest that Defendant Swafford leveraged his official position to conduct "an inappropriate personal relationship" (Compl. ¶ 13) with Plaintiff's wife. Thus, Plaintiff fails to plead that Defendant Swafford acted under color of law in infringing any "right to privacy in his marriage" (Compl. ¶ 1). *See id.*; *Burris v. Thorpe*, 166 Fed. App'x 799, 802-03 (6th Cir. 2006) (holding that a defendant did not act under color of law because "he never used his position as a police officer to coerce [the plaintiff] to have sex with him, or to prevent her from breaking off the relationship."); *Mooneyhan v. Hawkins*, 129 F.3d 1264, 1997 WL 685423, at *4 (6th Cir. 1997) (holding that a police officer did not act under color of state law when he took advantage of his friendship with the plaintiff, not his authority as a police officer, to rape her). Accordingly, Plaintiff's § 1983 individual capacity claim against Defendant Swafford fails as pled, as it does not establish that Defendant Swafford acted under color of law.

For the same reason, Plaintiff's claim against Defendant HCDE fails as pled. *Burris v. Thorpe*, 166 Fed. App'x 799, 803 (6th Cir. 2006) (holding that the individual defendant "did not act under color of state law. Therefore, [the plaintiff] cannot prevail under § 1983 against the [municipal defendant]").

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [Court Doc. 3] is **GRANTED**. The above-captioned action is **DISMISSED WITH PREJUDICE**.

SO ORDERED this 24th day of March, 2008.

                                      */s/ Harry S. Mattice, Jr.*
                                    HARRY S. MATTICE, JR.
                                  UNITED STATES DISTRICT JUDGE