UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| GEORGE DAVID TESTERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:07-CV-104 |
| v. ) | |
| ) | *Mattice / Lee* |
| RAY SWAFFORD, *et al.,* ) | |
| ) | |
| Defendants. ) | |

**REPORT and RECOMMENDATION**

**I.     Introduction**

Before the Court is the motion of Defendants, Ray Swafford ("Swafford") and the Hamilton County Department of Education ("HCDE"), for an order assessing attorneys' fees and expenses from George David Testerman pursuant to 42 U.S.C. § 1988(b) [Doc. 18]. Defendants seek an award of attorneys' fees and expenses from Plaintiff on the grounds his complaint sets forth only frivolous, unreasonable, and foundationless claims, all of which were dismissed by the Court for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) [*id.*]. Plaintiff has filed a response in opposition to Defendants' motion [Doc. 24]. This matter was referred for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. 22].

For the reasons which follow, I **RECOMMEND** that Defendants' motion for an award of attorneys' fees and expenses be **DENIED**.

## II. Background

### A. Procedural

Plaintiff filed his complaint on May 9, 2007, seeking money damages pursuant to 42 U.S.C. § 1983 "to redress the deprivation by the defendants of rights secured to the plaintiff by the Due Process clause of the Fourteenth Amendment to the United States Constitution in his right to privacy in his marriage." [Doc. 1 at 1]. On June 8, 2007, in lieu of an answer, Defendants filed a motion to dismiss Plaintiff's action for failure to set forth a claim upon which relief may be granted pursuant to Rule 12(b)(6) [Doc. 3]. On June 17, 2007, Plaintiff filed a response in opposition to Defendants' Rule 12(b)(6) motion to dismiss [Doc. 5]. Plaintiff also sought to take discovery from Defendants in order to respond to their motion to dismiss [Doc. 6]. After denying Plaintiff's motion for discovery [Doc. 12], this Court granted Defendants' motion to dismiss [Doc. 13] and entered a judgment dismissing the Plaintiff's action with prejudice [Doc. 14].

In its memorandum granting Defendants' motion to dismiss, this Court found the following facts had been pled by Plaintiff:

> Defendant Swafford was employed by Defendant HDCE as Associate Superintendent for Elementary Education. Plaintiff was also employed by Defendant HCDE as a teacher and principal. Plaintiff's former wife was Defendant Swafford's administrative assistant and secretary. Thus, Defendant Swafford had supervisory authority over both Plaintiff and his former wife.
>
> During this time, Defendant Swafford and Plaintiff's former wife "engaged in . . . an inappropriate personal relationship." Defendant Swafford also falsely told a coworker that Plaintiff, who was attending a school function, was mentally unstable, had made threats to his former wife, and was carrying a firearm. Defendant Swafford "insinuated himself in the divorce litigation between" Plaintiff and his former wife by testifying about this incident. Finally, Defendant Swafford falsely recounted to other HCDE employees Plaintiff's deficient performance as principal.

2

[Doc. 13 at 3] (internal citations omitted).

In dismissing Plaintiff's action, this Court stated, "[t]he only constitutional or federal legal right asserted by Plaintiff is his 'right to privacy in his marriage,' which he asserts is derived from 'the Due Process Clause of the Fourteenth Amendment to the United States Constitution.'" [Doc. 13 at 3-4]. This Court held Plaintiff had not tied the allegations in his complaint against Swafford "to 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States, as . . . required by § 1983." [*Id.* at 4]. Thus, the Court found it would only consider the Plaintiff's "right to privacy in his marriage claim" in determining whether Plaintiff established Swafford acted under state law for purposes of establishing liability under § 1983. [*Id.*]. The Court then concluded Plaintiff has not acted under color of law as is required to establish liability under § 1983, stating:

> Plaintiff has not established that Defendant Swafford acted in the course and scope of his duties as assistant superintendent when he allegedly interfered in Plaintiff's "right to privacy in his marriage." Plaintiff has pled nothing to suggest that Defendant Swafford leveraged his official position to conduct "an inappropriate personal relationship" with Plaintiff's wife. Thus, Plaintiff fails to plead that Defendant Swafford acted under color of law in infringing any "right to privacy in his marriage."

[*Id.* at 5] (internal citations omitted). With regard to HCDE, the Court found that, because Plaintiff's § 1983 claim against Swafford failed as pled – *i.e.*, Plaintiff had failed to plead that Swafford acted under color of state law, Plaintiff also could not prevail against Swafford's employer, HCDE, under § 1983 [*id.*].

**B.     Facts**

Along with their brief in support of their motion for attorneys' fees and expenses, Defendants have submitted the affidavit of their attorney, D. Scott Bennett ("Bennett") [Doc. 20]. Bennett is admitted to practice in the State of Tennessee and in this Court and has personal knowledge of the

3

matters set forth in his affidavit [*id.* at 1, ¶¶ 1-2]. Bennett's affidavit states:

> 3. On May 16, 2006 and June 6, 2007 I communicated to Plaintiff's counsel the fundamental flaws of Plaintiff's constitutional allegations and their defective argument, which was apparent from the outset of the pleadings. Plaintiff's counsel responded that he would persist in the matter and continued with the litigation process until this Court wisely dismissed with prejudice Plaintiff's complaint in a March 24, 2008 Judgment.
>
> 4. I am a member of the firm Leitner, Williams, Dooley & Napolitan, PLLC. Attached hereto and incorporated herein as collective Exhibit "G" are invoices and pre-bills for attorney fees incurred by . . . Swafford and [HDCE] in defending this litigation. These attorney fees were reasonable and necessary. To date, . . . Swafford and [HCDE] have incurred and paid attorney fees and expenses in the amount of $23,512.41. The hourly rates charged in this matter were commensurate with and or less than other firms it this area representing clients in civil rights matters.

[*Id.* at 2] (internal citations omitted).

Attached to Defendants' motion is a letter sent from their counsel to Plaintiff's counsel on May 16, 2007 [Doc. 18-5]. The letter states the belief of Defendants' counsel that "there is no good faith basis in fact or law for this Complaint." [*Id.* at 1]. After discussing the various factual allegations set forth in the complaint, the letter continues:

> Beside the obvious factual errors contained within the Complaint, there are serious misapprehensions of law. First and foremost, neither the Fourteenth Amendment nor 42 U.S.C. § 1983 provides Mr. Testerman with a vehicle to salve his angst over a marriage gone bad. . . . Whatever alleged wrongdoing Mr. Testerman may have imagined Mr. Swafford committed, it does not rise to the level of a constitutional violation.
> . . .
> Furthermore, even if your Complaint could state a claim for relief under 42 U.S.C. § 1983 against Mr. Swafford, you would have

4

> absolutely no basis for pursuing the [HCDE]. . . .
> . . .
> Ultimately, your Complaint lacks a basis either in law or fact. I have no doubt that Mr. Testerman simply misrepresented certain critical underlying facts to you during your initial conference with him. On the legal issues, however, there is no good faith basis for arguing that Mr. Swafford or the Department of Education should be liable under these particular facts. These claims are frivolous on their face.

[*Id.* at 3-4]. Plaintiff's response to the May 16, 2007 letter is also attached to Defendants' motion [Doc. 18-7]. Plaintiff's response dated May 17, 2007, states in pertinent part:

> I have receipt of your letter. Unfortunately, I do not agree with you that § 1983 has no application here. Case law from the US Supreme Court on privacy matters and § 1983 include marriage. In fact, I had recent success with this issue . . . when we defeated [a] motion to dismiss in federal court.
>
> In addition, you may have good issues for a Rule 56 motion. However, as to sanctions, if your firm contemplates including me in such a move, I will ask the Court to disqualify your firm, since your firm has represented me in the recent past.
>
> I do appreciate your advocacy . . . In addition, Mr. Testerman is also adamant to pursue this matter with equal vigor.

[*Id.*].

The response of Defendants' counsel to the letter of Plaintiff's counsel, dated June 6, 2007, is also attached to Defendants' motion [Doc. 18-6]. This letter states in pertinent part:

> Thank you for your last letter to me regarding my concern that your client's Complaint is without basis in either law or fact. While I have no desire to belabor any point, I do hope to keep this dialogue going in order for you to give appropriate consideration to dismissing this case at the earliest possible date.
> . . .
> That is not to say, however, that the [HCDE] may not seek to recover costs under 42 U.S.C. § 1988. As you are no doubt aware, the Sixth Circuit authorizes defendants to recover these fees where a plaintiff's action appears frivolous, unreasonable, or without foundation even though it is not brought in actual bad faith. *Wolfe v. Perry*, 412 F.3d

5

707 (6th Cir. 2005).

[*Id.* at 1].

**III. Analysis**

As noted, Defendants seek an award pursuant to 42 U.S.C. § 1988(d) which states:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 *et seq.*], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb *et seq.*], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc *et seq.*], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d *et seq.*], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

Title 42 U.S.C.§ 1988(b).

Although § 1988(b) provides that a district court in its discretion may allow a reasonable attorneys' fee to the prevailing party as part of its costs, "[t]he Supreme Court has held that 'while prevailing plaintiffs are entitled to attorneys fees under th[e] statute in all but special circumstances, prevailing defendants are entitled to attorneys fees much less frequently.'" *Wolfe v. Perry*, 412 F.3d 707, 720 (6th Cir. 2005) (quoting *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 182 (6th Cir. 1985)). "[A] prevailing *defendant* should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* (quoting *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994)) (emphasis in original). "Application of these standards requires inquiry into the plaintiffs' basis for bringing suit." *Id.* (quoting *Smith*, 754 F.2d at 183). The Supreme Court has stated:

6

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appears questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421-22 (1978). The Sixth Circuit has also noted "that 'courts have awarded attorneys fees to prevailing defendants where no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate.'" *Wolfe*, 412 at 720 (quoting *Smith*, 754 F.2d at 183).

"The Sixth Circuit has limited this extreme sanction of attorneys fees against a losing plaintiff 'to truly egregious cases of misconduct.'" *Sprague v. Forystek*, No. 05-73977, 2007 WL 2812300, * 1 (E.D. Mich. Sep. 26, 2007) (quoting *Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986)). *See Tahfs v. Proctor*, 316 F.3d 584, 596 (6th Cir. 2003) ("An award of attorney fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct.") (quoting *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001)). A "defendant in a § 1983 suit may recover attorneys' fees from the plaintiff only if the plaintiff's action is 'meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees'" under 42 U.S.C. § 1988(d). *Bailey v. Columbus Bar Ass'n*, No. C2-01-169, 2001 WL 506522,

7

* 5 (S.D. Ohio Apr. 11, 2001), *aff'd*, 25 F. App'x 225 (6th Cir. 2001) (quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)).

In *Sprague*, the district court noted that a few trends were discernable from the Sixth Circuit cases which addressed the issue of an award of attorneys' fees to a prevailing defendant under § 1988(b)). *Id.*, 2007 WL 2812300 at * 1-2. First, "[a] claim that presents a genuine issue of material fact is not frivolous." *Id.* at * 1 (citing *Christian v. Belcher*, 888 F.2d 410, 417 (6th Cir. 1989)). Second, "[a] claim is also not frivolous unless it was 'groundless from the outset,' meaning the plaintiff did not have an adequate basis for bringing the claim." *Id.* at * 2 (citing *Smith*, 754 F.2d at 183). The Court in *Sprague* noted that in *Riddle* the Sixth Circuit had found the plaintiff's claim against the defendant City Council "was not groundless from the outset because it was based upon the plaintiff's belief his right to speak at City Council meetings had been limited and some evidence of comments made by City Council members." *Sprague*, 2007 WL at 2812300 at * 2 (citing *Riddle*, 266 F.3d at 552). Similarly, the *Sprague* court noted that in *Smith*, "the plaintiffs' belief that they were victims of racial discrimination, along with 'some evidence' in support of this belief, provided an adequate enough basis to avoid finding the suit was frivolous from the outset." *Id.* (citing *Smith*, 754 F.2d at 185).

The *Sprague* court noted, however, that in *Wolfe*, 412 F.3d at 721-22, the Sixth Circuit affirmed the district court's award of attorneys' fees to two of the defendants on the ground the plaintiff's claims against those defendants were frivolous and lacked factual support. *Sprague*, 2007 WL 2812300 at * 2. The plaintiff in *Wolfe* "brought a § 1983 claim against [the two defendant] police officers whom he alleged illegally searched his home and seized his property." *Id.* However, at his deposition the plaintiff "admitted that he did not own or reside at the residence, nor did he own

8

any of the property seized from it." *Wolfe*, 412 F3d at 721. Based upon this admission, the Sixth Circuit held the district court correctly concluded the plaintiff's § 1983 illegal search and seizure claim was frivolous because the defendant knew it was defective from the outset of the suit. *Id.*

Finally, the *Sprague* court noted that "a claim is not frivolous solely because it proves inadequate." *Sprague*, 2007 WL 2812300 at * 2 (citing *Riddle*, 266 F.3d at 547; *Tahfs*, 316 F.3d at 593-96). In *Tahfs*, the Sixth Circuit upheld the district court's dismissal of the plaintiff's § 1983 claims because she could not establish the defendants were state actors, an essential element of a § 1983 claim. *Tahfs*, 316 F.3d at 593. The Sixth Circuit specifically held the plaintiff's "conclusory allegations . . . and conclusory accusations d[id] not meet even the low threshold necessary to survive a motion to dismiss" under Rule 12(b)(6). *Id.* However, the Sixth Circuit reversed the district court's award of attorneys' fees under § 1988 stating it was not the sort of "egregious" case warranting an award of attorneys' fees to a prevailing defendant under § 1988 because although the complaint was inadequate, it was not frivolous. *Id.* The Sixth Circuit also commented that "[h]ad the district court read [the plaintiff's] complaint in a light most favorable to her, as it was obligated to do [where the complaint was dismissed for failure to state a claim under Rule 12(b)(6)], . . . it would have seen the filing of a federal complaint was not 'unreasonable.'" *Id.* at 595.

In *Hashem-Younes v. Danou Enterprises, Inc.*, No. 06-CV-15469, 2008 WL 786759, * 3 (E.D. Mich. Mar. 20, 2008), however, the court held that the plaintiff's § 1983 claim was frivolous, unreasonable, and without foundation because from the outset she and her attorney knew or should have known the defendants were not acting under "color of law" because at no time during her employment with the defendant employer did it receive or have any government contracts. Thus, the Court held that because the plaintiff knew at the outset of her action or should have known

9

shortly after commencing her action that her § 1983 claim lacked merit, her continued pursuit of the claim was unreasonable and the prevailing defendants were entitled to an award of attorneys' fees under § 1988. *Id.*

As noted, Plaintiff alleged Swafford, who had supervisory authority over himself and his former wife, engaged in an inappropriate personal relationship with his wife, made false accusations against Swafford, and then insinuated himself into the divorce litigation between Plaintiff and his wife by testifying in the divorce action about the allegedly false accusations he had made against Plaintiff. As also noted, in granting Defendants' motion to dismiss Plaintiff's action under Rule 12(b)(6), the Court found that Plaintiff's § 1983 claim for interference with his right to privacy in his marriage failed because Plaintiff did not plead anything to suggest Swafford leveraged or abused his official position with the HCDE in order to conduct "an inappropriate personal relationship" with Plaintiff's wife/former wife [Doc. 13 at 5]. Thus, the Court found that Plaintiff had failed to plead that Swafford was acting under color of law – an essential element of a § 1983 action – when he allegedly interfered with Plaintiff's right to privacy in his marriage [*id.*]. However, in viewing Plaintiff's complaint in the light most favorable to him, as this Court must do since Plaintiff's complaint was dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6), this situation is not a truly egregious case of misconduct.

In his response to Defendants' motion, Plaintiff asserts his complaint was an attempt to plead and seek a extension or novel application of the law; namely, a prior ruling of this Court [Doc. 24 at 3-4]. Plaintiff asserts that this Court addressed a similar issue to the one he sought to raise in this action:

> in *Haywood v. Moore*, *et al.* No. 1:05-cv-276. In *Moore*, a § 1983
> case, Plaintiff Haywood alleged that a state assistant district attorney

10

> general invaded the family unit of the plaintiff while cloaked with the color of law (No. 1:05-cv-276, Doc. 1). Plaintiff Haywood in response to [a defendant's] motion to dismiss argued extensions of law as to the right of privacy in the family (No. 1:05-cv-276, Doc. 15). This Court . . . held in part the following in its partial denial of [the] Motion to Dismiss:
>
>> The Court cautions, however, that its holding that Defendant Moore is entitled to prosecutorial immunity for the statements she made at the custody hearing is a narrow one and relies very heavily on the particular facts of this case. In our justice system, prosecutors are inherently bestowed with enormous power and discretion which must be constrained and checked by the system. While prosecutorial immunity provides absolute immunity for certain acts taken within the scope of a prosecutor's duties, it is important to recognize that prosecutors do not enjoy a roving license to "do good." In particular, prosecutors do not possess an unfettered right to insinuate themselves into civil or other proceedings in which they are not counsel of record.
>
> *Haywood v. Moore*, *et al.*, No. 1:05-cv-276 (Doc 90 at 16).
>
> In the instant matter, the defendants, in particular, Defendant Swafford, insinuated themselves into plaintiff's civil case. They acted to slander and demote plaintiff in an attempt to give plaintiff a distinct disadvantage in his domestic matters. The defendants used their power to interfere into the plaintiff's right of privacy, in this case, his right to privacy in his marriage and family. The case law relied upon by Plaintiff Haywood (No. 1:05-cv-276, Doc. 15) discussed the right or [sic] privacy in many family settings. Plaintiff Testerman, in the case at bar, argued this Court should extend that right to the right of the individual's right to be free from unwarranted intrusions of state officials acting in the color of the law into the family setting, even it is a family of two.

[*Id.*].

Thus, Plaintiff has admitted he was aware at the outset of this litigation he had significant problems with his claims and that his ability to prevail on his claims were dependent upon a new or

11

novel area or expansion of the law. In hindsight, Plaintiff's effort to extend the previous holdings of this Court was doomed from the start. However, this is just the type of *post hoc* reasoning or rationalization the Supreme Court cautioned against in *Christiansburg*, 434 U.S. at 421-22. Plaintiff could not have known with absolute certainty – however unlikely it seemed – that his attempt to expand or extend prior law would be unsuccessful until this Court ruled on Defendants' Rule 12(b)(6) motion.

In *Geyer v. Millner*, 673 F. Supp. 773 (W.D. Va. 1987), the court discussed a plaintiff's attempt to present new or novel claims, stating:

> Although the plaintiff was confronted with substantial opposing authority, the legal issues he sought to advance had, arguably, some legal support. This Court understands profoundly that the advancement and evolution of the law requires the presentation of novel, or indeterminate, legal theories. In a case such as this, where that theory is not facially unreasonable or frivolous, it is this court's role to protect and encourage earnest advocacy on unsettled issues. An award of attorney's fees to defendants in this action would suppress rather than encourage such advocacy.

*Id.* at 776.

In this instance, Plaintiff's novel legal theory was not so outlandish, facially unreasonable, or frivolous that he may not have developed evidence in discovery to support it.[1] Further, this matter was dismissed at an early stage on the pleadings pursuant to Rule 12(b)(6); thus, this is not a case where the Plaintiff continued to pursue a claim after he knew or should have known based upon discovery that his claims had absolutely no merit.

Contrary to Defendants' arguments, the letters between counsel do not show Defendants are

---

[1] Evidence Swafford leveraged or used his position to conduct an affair with Plaintiff's wife/former wife and then to involve himself in Plaintiff's divorce proceedings is the type of evidence one could possibly expect to unearthed during discovery.

12

entitled to the requested award. The letters set forth the position that Plaintiff's claims were meritless, however, the letters contained only the opinion of Defendants' counsel, not an order, opinion, or memorandum of this Court. Defendants have cited no precedent holding a plaintiff must abandon/dismiss his § 1983 claims upon receipt of correspondence from opposing counsel opining that the claims are meritless or risk the imposition of attorneys' fees.

Finally, there is no evidence Plaintiff's § 1983 claims were an attempt to plead an abandoned alienation of affection tort claim under Tennessee law as alleged by Defendants. While Plaintiff's complaint is a poorly pled § 1983 action, which ultimately failed, it makes no reference to the tort of alienation of affection.

Accordingly, I **CONCLUDE** Defendants' motion for an award of attorneys' fees and expenses [Doc. 18] should be **DENIED**.[2]

---

[2] In the event the Court disagrees with the recommendation of the undersigned and concludes the Plaintiff's action/complaint was so frivolous and groundless from the outset as to warrant the imposition of attorneys' fees under 42 U.S.C. § 1988(b), the Court should award Defendants attorneys' fees and expenses in the amount sought in their memorandum in support of their motion, $23,512.41. A review of the time sheets attached to Defendants' attorney's affidavit indicates Defendants incurred slightly more attorneys' fees and expenses than requested -- $23,424.50 in fees and $191.91 for expenses, for a total of $23,616.41 [Doc. 20-2]. As no explanation for this minor discrepancy appears in the record, in the event the Court decides to award attorneys' fees and expenses, it is recommended they be awarded in the amount actually requested, $23,512.41. In his response to Defendants' motion, the Plaintiff has asserted only that the circumstances of this action do not warrant an award of attorneys' fees under 42 U.S.C. § 1988(b) [Doc. 24]. Plaintiff has not, however, challenged the amount of attorneys' fees and expenses sought, the hourly rates, or the number of hours of time itemized.

**IV.     Conclusion**

For the reasons set forth above, I **RECOMMEND**[3] that Defendants' motion for an award of attorneys' fees and expenses [Doc. 18] be **DENIED**.

                                               s/*Susan K. Lee*
                                               SUSAN K. LEE
                                               UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).