UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| GEORGE DAVID TESTERMAN, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 1:07-cv-104 |
| v. | ) | Judge Mattice |
| | ) | |
| RAY SWAFFORD, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

On March 24, 2008, the Court issued a Memorandum and Order [Court Doc. 13] dismissing Plaintiff's § 1983 claims and entered Judgment [Court Doc. 14] in favor of the Defendants. Plaintiff has filed a Motion for Relief from Judgment or Order [Court Doc. 15] and Defendants have filed a Motion for Attorney's Fees [Court Doc. 18]. Each of these motions will be addressed in turn.

## I. PLAINTIFF'S RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT OR ORDER

### A. Standard

Federal Rule of Civil Procedure 60(b) provides that, "[o]n motion and upon such terms as are just," a court may "relieve a party . . . from a final judgment, order, or proceeding." Relief under Rule 60(b), however, may be granted only for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other

reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). When none of the first five numbered clauses of Rule 60(b) apply, relief under clause (6) may be granted only when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

The party seeking relief under Rule 60(b) is required to show that its case comes within the provisions of the rule. *McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002); *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). The decision to grant or deny Rule 60(b) relief is within the district court's discretion. *McCurry*, 298 F.3d at 592; *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980).

**B.    The Court's March 24, 2008 Memorandum and Order**

The salient portion of the Court's Memorandum and Order dismissing Plaintiff's claims is as follows:

> The only constitutional or federal legal right asserted by Plaintiff is his "right to privacy in his marriage," which he asserts is derived from "the Due Process Clause of the Fourteenth Amendment to the United States Constitution." While Plaintiff includes in his Complaint allegations that Defendant Swafford's actions adversely affected Plaintiff's employment, divorce proceedings, and even interactions with local law enforcement, Plaintiff does not ties these allegations to "any rights, privileges, or immunities secured by the Constitution and laws" of the United States, as is required by § 1983. Thus, the Court will consider only Plaintiff's "right to privacy in his marriage" claim in determining whether he has established that Defendant Swafford acted under color of law.
>
> . . .
>
> Plaintiff has not established that Defendant Swafford acted in the course and scope of his duties as assistant superintendent

-2-

> when he allegedly interfered in Plaintiff's "right to privacy in his marriage." Plaintiff has pled nothing to suggest that Defendant Swafford leveraged his official position to conduct "an inappropriate personal relationship" with Plaintiff's wife. Thus, Plaintiff fails to plead that Defendant Swafford acted under color of law in infringing any "right to privacy in his marriage." Accordingly, Plaintiff's § 1983 individual capacity claim against Defendant Swafford fails as pled, as it does not establish that Defendant Swafford acted under color of law.

(Court Doc. 13 at 3-5) (internal citations omitted). The Court also dismissed Plaintiff's claims against Defendant Hamilton County Department of Education because Plaintiff had not stated a claim against the individual defendant. (*Id*. at 5.)

## C. Analysis

Plaintiff has a high burden to meet in order to obtain relief under Rule 60(b)(6), for it is well-established that Rule 60(b)(6) relief is warranted "only in exceptional or extraordinary circumstances." *Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir.1990) (citing *Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir.1989)). "Exceptional circumstances" means "unusual and extreme situations where principles of equity mandate relief" and a party must show that absent relief, extreme and undue hardship will result. *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990).

Plaintiff has failed to meet this high burden. Plaintiff's main argument is that his Complaint alleged sufficient facts showing that Swafford misused his position to slander Plaintiff and to wrongfully demote Plaintiff. (Court Doc. 15 at 1, 3.) Plaintiff points to a number of allegations in his Complaint about Swafford's actions having negatively affected his work. Had Plaintiff pled a constitutional or legal right to his job or to his reputation, perhaps these allegations would have been sufficient to state a § 1983 claim. But Plaintiff

fails to show how these actions were related to the only constitutional violation alleged in the Complaint - his right to privacy in his marriage. The same holds true with respect to Plaintiff's claims regarding confidential information that was allegedly wrongfully leaked to the media by the Department of Education. (*Id*. at 3.) The information released related to Plaintiff's job performance, not to his right to privacy in his marriage.

Plaintiff also argues that Swafford and his wife engaged in a number of activities outside of the office setting which would support his § 1983 claim. (*Id*.) The United States Court of Appeals for the Sixth Circuit has held that "the acts of state officials 'in the ambit of their personal pursuits' do not constitute state action." *Waters v. City of Morristown*, 242 F.3d 353, 358-59 (6th Cir. 2001). As the Court previously noted, nothing in Plaintiff's Complaint suggests that Swafford misused his position to leverage a relationship with Plaintiff's wife. Accordingly, Plaintiff's allegations against Defendant Swafford and his wife involve actions that Swafford took "in the ambit of his personal pursuits" and do not allege state action. As such, they cannot sustain Plaintiff's § 1983 claim. *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006) (failure to plead sufficient facts showing that defendants were state actors resulted in dismissal of § 1983 claim).

Plaintiff argues that the Court erred in relying on *Waters v. City of Morristown*, 242 F3d. 353, 358-59 (6th Cir. 2001), as the basis for granting Defendants' motion to dismiss because *Waters* was decided on a motion for summary judgment. (Court Doc. 15 at 3.) The law that applies to a motion to dismiss, however, is the same as the law that applies to a motion for summary judgment. A motion to dismiss differs from a motion for summary judgment in how the burdens are allocated to the parties and in the degree of deference

-4-

the Court must accord to the assertions of the parties. The Court referenced *Waters* in its analysis of whether Plaintiff had shown that Swafford was a state actor or acting under color of law. The legal standard of what is required to show that a defendant acted under color of law is not dependent on whether the Court is deciding a motion to dismiss or a motion for summary judgment. Accordingly, Plaintiff's claim that the Court erred in relying on *Waters* is not well-founded.

Plaintiff also argues that his Complaint stated a cause of action against the governmental defendant, Hamilton County Department of Education, because it alleged that the Department had failed to follow-up on Plaintiff's complaints about Swafford's interference with his marriage. (Court Doc. 15 at 3.) The only individual defendant named in the Complaint, however, is Swafford and, as discussed above, Plaintiff has failed to state a claim against Swafford. The Sixth Circuit has held that an agency can be held liable under § 1983 only if its employee inflicted a constitutional injury. *See Scott v. Clay Cty.*, 205 F.3d 867, 879 (6th Cir. 2000) ("[O]ur conclusion that no officer-defendant had deprived the plaintiff of any constitutional right *a fortiori* defeats the claim against the County as well.") Because Plaintiff has failed to establish that any individual defendant named in the Complaint violated any of his constitutional rights while acting under color of law, his claim against the Department cannot survive.

"Where Plaintiff is merely rearguing his case, and has not shown mistake or inadvertence by the Court, relief under . . . Rule 60(b) is not appropriate." *Rose v. Meijer Long-Term Disability Plan*, 2007 WL 551757, *1 (W.D. Mich. Feb. 20, 2007) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

Here, Plaintiff is merely rearguing the points that he previously asserted in opposition to Defendants' motion to dismiss. Plaintiff has therefore failed to meet his burden to show that exceptional circumstances warrant relief from judgment under Rule 60(b)(6). Accordingly, Plaintiff's Motion for Relief from Judgment or Order [Court Doc. 15] is **DENIED**.

## II.    DEFENDANTS' MOTION FOR ATTORNEY'S FEES

After the Court entered Judgment against Plaintiff, Defendants filed a Motion for Attorney's Fees pursuant to 42 U.S.C. § 1988(b).  (Court Doc. 18.)  The Court referred Defendants' motion to United States Magistrate Judge Susan K. Lee for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).  (Court Doc. 22.)

Magistrate Judge Lee filed her report and recommendation on August 25, 2008. (Court Doc. 25.)  Neither party filed objections within the given 10 days.  After reviewing the record, the Court agrees with Magistrate Judge Lee's report and recommendation.  The Court thus **ACCEPTS** and **ADOPTS** Magistrate Judge Lee's findings of fact, conclusions of law, and recommendations [Court Doc. 25] pursuant to § 636(b)(1) and Rule 72(b).

Accordingly, Defendants' Motion for Attorney's Fees [Court Doc. 18] is **DENIED**.

**III. CONCLUSION**

For the reasons explained above, Plaintiff's Motion for Relief from Judgment or Order [Court Doc. 15] is **DENIED**. The Court **ACCEPTS** and **ADOPTS** the findings of fact, conclusions of law, and recommendations in Magistrate Judge Lee's Report and Recommendation [Court Doc. 25]. Defendants' Motion for Attorney's Fees [Court Doc. 18] is **DENIED**.

SO ORDERED this 16th day of January, 2009.

_____/s/Harry S. Mattice, Jr._____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE